IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

AMY HINDMAN, )
 )
      Plaintiff, )
 )
 -vs- ) Civil Action No. 14-1046
 )
CAROLYN W. COLVIN, )
COMMISSIONER OF SOCIAL SECURITY, )
 )
      Defendant. )

AMBROSE, Senior District Judge

## OPINION

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 10 and 12). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 11, 13 and 14). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 10) and granting Defendant's Motion for Summary Judgment. (ECF No. 12).

### I.    BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits (DIB") pursuant to the Social Security Act ("Act"). Plaintiff filed her applications alleging she had been disabled since January 1, 2010. (ECF No. 6-5, p. 2). Administrative Law Judge ("ALJ"), Douglas Cohen, held a hearing on January 31, 2013. (ECF No. 6-2, pp. 31-59). On February 11, 2013, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 6-2, pp. 21-27).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 10 and 12). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments

prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

## B.  Opinion of Treating Physicians

Plaintiff begins by arguing that the ALJ erred by failing to provide good cause for his rejection of the opinions of her treating doctors, Dr. Diego Cordoba and Dr. John Marty. (ECF No. 11, pp. 8-10). The ALJ ascribed minimal weight to both doctors' opinions because Plaintiff "had these same impairments when she was performing her past relevant work [at substantial gainful activity levels] and her testimony was that she would still be performing it but for the fact that she was not reappointed." (ECF No. 6-2, p. 26). Plaintiff suggests that this was improper because it was not one of the factors set forth for determining the appropriate weight to accord a treating physician's opinion. (ECF No. 11, p. 9). In weighing medical opinions, the ALJ should consider the examining relationship, treatment relationship (including the length of treatment and the frequency of examination and the nature and extent of the treatment relationship),[1]

---

[1] With regard to the treatment relationship, the ALJ should "give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations. If we find that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported

3

supportability, consistency with the record as a whole, specialization and other factors. 20 C.F.R. § 404.1527(c). Plaintiff argues that the ALJ did not articulate any of these factors. (ECF No. 11, p. 9). After a review of the record, I disagree.

It is clear from the record that the ALJ recognized Dr. Cordoba as Plaintiff's primary care physician and Dr. Marty as Plaintiff's treating podiatrist. (ECF No. 6-2, pp. 25-26). It is also evident that the ALJ weighed their opinions against the record as a whole. *Id.* In that regard, the ALJ specifically stated that their opinions, that Plaintiff had disabling limitations, were inconsistent with the testimony of Plaintiff, who indicated that she worked at her job while she had these conditions and would have continued to work in the position if she would have been reappointed. (ECF No. 6-2, pp. 33-46). Thus, contrary to Plaintiff's position, the ALJ did consider the factors set forth in 20 C.F.R. §404.1527(c). Therefore, I find no error in this regard on the part of the ALJ. Consequently, remand is not warranted on this basis.

### C.  Past Relevant Work

Plaintiff next argues that the ALJ's determination that she could perform her past relevant work was not supported by substantial evidence. (ECF No. 11, pp. 11-12). In support thereof, Plaintiff argues that there is no evidence that she could work on a "regular and continuous basis" and that the ALJ failed to take into account that her condition worsened. *Id.* As a result, Plaintiff suggests that remand is warranted.

Past relevant work pertains to the particular job or the occupation as performed by a plaintiff.

> The part of the law pertaining to past relevant work provides that as a part of the requirements for a finding of disability a claimant must have a medically determinable physical or mental impairment of such severity that he or she is not able to do his or her previous work. Sections 404.1520(e) and 416.920(e) of the regulations state as follows:

---

by medically acceptable clinical and laboratory diagnostic techniques **and is not inconsistent with the other substantial evidence in your case record,** we will give it controlling weight." 20 C.F.R. §404.1527(c)(2) (emphasis added).

> "Your impairment must prevent you from doing past relevant work. If we cannot make a decision based on your current work activity or on medical facts alone, and you have a severe impairment, we then review your residual functional capacity and the physical and mental demands of the work you have done in the past. *If you can still do this kind of work*, we will find that you are not disabled." (Underscoring added.)
>
> The regulations further state, in sections 404.1565(a) and 416.965(a), that work experience applies (is relevant) when it was done within the last 15 years, lasted long enough for the person to learn to do it and was substantial gainful activity.

SSR 82-61. Thus, "a claimant will be found to be 'not disabled' when it is determined that he or she retains the RFC to perform…the actual functional demands and job duties of a particular past relevant job." *Id.*

"The ability to work 8 hours a day for 5 days a week is not always required when evaluating an individual's ability to do past relevant work at step 4 of the sequential evaluation process. Part-time work that was substantial gainful activity, performed within the past 15 years, and lasted long enough for the person to learn to do it constitutes past relevant work, and an individual who retains the RFC to perform such work must be found not disabled." SSR 96-8p, n. 2.

In this case, Plaintiff worked as part-time secretary and treasurer for Valley Township for 25 years and this was substantial gainful activity. Furthermore, even assuming Plaintiff's condition deteriorated, Plaintiff specifically testified at the hearing that she still had the capacity to perform the particular functional demands and job duties of her past relevant work as a secretary and treasurer for Valley Township. (ECF No. 6-2, pp. 33-46). Thus, based on a review of the record, I find the ALJ's determination that Plaintiff could perform her past relevant work was supported by substantial evidence. Therefore, I find no error in this regard.

### D. **Vocational Expert ("VE")**

Finally, Plaintiff argues that the ALJ erred by failing to provide sufficient specificity with regard to Plaintiff's need to use the bathroom on a frequent basis. (ECF No. 11, pp. 13-14). In this case, the vocational expert was in attendance at the hearing. (ECF No. 6-2, pp. 30-59). In

fact, the ALJ asked the VE questions about Plaintiff's job title while he was questioning Plaintiff. *Id.* After questioning Plaintiff, the ALJ asked the VE if a hypothetical question including the limitation that there would be a restroom nearby. (ECF No. 6-2, p. 58). Based on the same, the VE responded that she could perform the past relevant work as it was performed. *Id.* The ALJ then found that Plaintiff had the RFC to perform sedentary work with certain limitations, including that she must have "ready access to a restroom." (ECF No. 6-2, p. 24). I do not find that remand is necessary to further define the term "ready access to a restroom" since the vocational expert heard the testimony and was aware of the frequency and length of restroom breaks necessary and there was substantial evidence of record to support the finding that Plaintiff could still perform her past relevant work as she performed it, namely her own testimony. Consequently, I find that remand on this basis is not warranted.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

AMY HINDMAN, )
 )
    Plaintiff, )
 )
-vs- ) Civil Action No. 14-1046
 )
CAROLYN W. COLVIN, )
COMMISSIONER OF SOCIAL SECURITY, )
 )
    Defendant. )

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 23rd day of March, 2015, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 10) is denied and Defendant's Motion for Summary Judgment (Docket No. 12) is granted.

                                      BY THE COURT:

                                      s/ Donetta W. Ambrose
                                         Donetta W. Ambrose
                                         United States Senior District Judge